JOURNAL ENTRY AND OPINION
The grand jury returned a five count indictment against defendant Don Gaddis charging him with four counts of rape and one count of gross sexual imposition against a twelve year-old victim. The rape counts contained language alleging he used force or the threat of force and further contained a sexually violent predator specification. As part of a plea bargain, defendant agreed to plead guilty to one count of rape and one count of gross sexual imposition. In exchange for these pleas, the state agreed to drop the language alleging the use of, or threat of, force and the sexual violent predator specification contained the rape count. The remaining counts were dropped. Defendant stipulated to being a sexual predator and waived notice and hearing. He did not appeal.
Eighteen months after pleading guilty, defendant filed a pro se motion to withdraw his guilty plea. He claimed he failed to understand the nature and effect of the plea, that counsel failed to obtain DNA evidence, and that counsel was ineffective for agreeing to stipulate to the sexual predator specification. The court denied the motion without a hearing. The assigned errors challenge the court's refusal to permit a withdrawal of the guilty plea.
The assignments of error raise various complaints that the court abused its discretion by refusing to permit defendant to withdraw his guilty plea. Defendant argues that counsel was ineffective for stipulating to the sexual predator classification and failing to discover the existence of a rape kit that might have provided exonerating DNA evidence.
The courts have recently begun construing the content of post-sentence motions to withdraw guilty pleas to determine whether they more properly raise issues that would be better classified as coming within the postconviction statute. In State v. Hill (1998), 129 Ohio St.3d 658,660-661, the Hamilton County Court of Appeals stated:
 Under R.C. 2953.21(A)(1), a convicted person may file a petition asking the sentencing court to vacate the judgment or sentence where the petitioner claims that there was such an infringement of constitutional rights so as to render the judgment void or voidable. The Ohio Supreme Court has explained that regardless of how a motion is captioned, "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."
 In this case, Hill's motion met the criteria for a postconviction petition. He filed his motion after the time for his direct appeal had expired, and sought vacation of his sentence on the basis that his plea was involuntary due to trial counsel's ineffectiveness.
 Though there is some authority to the contrary, we believe the weight of authority, and the better rule to be that Hill's motion should be considered as a postconviction petition. Thus, Hill's motion to withdraw his guilty plea must be considered a postconviction petition.
 This case establishes a bright-line rule. A post-sentence motion to withdraw a guilty plea, based on allegations of constitutional violations, must be filed before the expiration of the time for a direct appeal. Otherwise such a motion is a postconviction petition for relief. This court believes that this bright-line rule is not only compelled by the statutory law, but also necessary to prevent abuse of the courts' resources. A litigant cannot be allowed to circumvent the legislatively mandated requirements of R.C. 2953.21
by styling his action as a motion to withdraw a guilty plea, when it is in fact a motion for postconviction relief. (Footnotes omitted).
Although defendant styled the motion as one to withdraw his guilty plea, we find the issues raised are constitutional in nature and more properly the focus of a motion for postconviction relief. That being the case, we must consider the motion under R.C. 2953.21, and with attention to the time requirements for filing motions for postconviction set forth under division (A)(2) of that section.
As applicable to the facts of this case, R.C. 2953.21(A)(2) requires that a petition for postconviction relief be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. The court sentenced defendant on January 14, 1998. He did not file the petition for postconviction relief until May 13, 1999, well after the time period had expired. The petition was untimely.
The court may dispense with the time limitations of R.C. 2953.21 if the petitioner can demonstrate either that the petitioner was unavoidably prevented from discovery of the facts upon which the claim for relief is based or that the United States Supreme Court recognized a new state or federal right that applies retroactively to persons in the petitioner's situation. See R.C. 2953.23(A). Petitioner did not make any allegation that either of these exceptions would apply, and we see no basis for applying these exceptions under the circumstances. Accordingly, we find defendant did not timely file his petition for postconviction relief, so the court lacked jurisdiction to consider the motion. Even though the court did not rely on timeliness as a basis for dismissing the petition, we affirm the denial of the motion. See Hill, 129 Ohio App.3d at 661. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J. TIMOTHY E. McMONAGLE, J., CONCUR.
 ___________________ JOHN T. PATTON JUDGE